# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:20-CR-00270-IM-1 |
| Plaintiff, | **CRIMINAL CASE MANAGEMENT ORDER** |
| v. | |
| **DAKOTA EASTMAN,** | |
| Defendant. | |

**Billy J. Williams**
United States Attorney
**Parakram Singh,**
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1073

      Attorneys for Plaintiff


**Lisa Hay**
Federal Public Defender
**Alison M. Clark,**
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
(503) 326-2123

      Attorneys for Defendant

Page 1 - CRIMINAL CASE MANAGEMENT ORDER

**Immergut, Judge.**

Unless otherwise ordered by the Court, the parties shall comply with the following requirements when requesting a continuance of the trial date and submitting trial documents.

1. <u>Motions to Continue</u>:  Any motion to continue trial must be in writing and submitted ***no later*** than Noon on the Tuesday two weeks before the existing trial date.  The Motion shall be accompanied by:

    a.  An affidavit or other source of evidence from which the Court may make factual findings sufficient under the Speedy Trial Act to allow a continuance, including but not limited to:

    (1)  The calendaring history of the case, including the number of previous continuances, and a computation of the time remaining under the Speedy Trial Act calculated from the filing of the charging instrument or Defendant's first appearance, whichever is later;

    (2)  The reasons a continuance is necessary, stated with sufficient specificity[1] to permit the Court to make findings concerning both the necessity for and the extent of a continuance;

    (3)  The *facts* from which the Court may conclude the moving Defendant understands the rights provided by the Speedy Trial Act but agrees with the proposed continuance for the purposes stated and the extent requested;

    (4)  The positions of all other parties concerning the proposed continuance; and

---

[1] If necessary to prevent disclosure of work product or other privileged material, a party may submit an additional affidavit under seal setting out the facts that warrant a continuance.

        (5)     A calculation of the time the moving Defendant has been in custody solely because the Defendant is awaiting trial (18 U.S.C. § 3164(c)).

2. <u>Trial Documents</u>

    a.    **Twenty-one (21) days prior to trial**, the parties shall simultaneously file the following pretrial documents:

        (1)     all motions *in limine*:

        (2)     trial memoranda;

        (3)     proposed jury instructions following Ninth Circuit Model Jury Instructions when possible (parties shall submit a complete set of jury instructions, in plain text or rich text format (WordPerfect compatible) as an attachment to an email message sent to the Judge's Courtroom Deputy Clerk immediately following the electronic filing of the propose instructions (see LR 51-1(d)(2));

        (4)     proposed form of verdict;

        (5)     proposed *voir dire* questions;

        (6)     exhibit lists; and

        (7)     witness lists, including summaries of any expert testimony.

    b.    **Fourteen (14) days prior to trial**, any responses to the above documents shall be filed.

**IT IS SO ORDERED.**

DATED this July 24, 2020

       /s/ Karin J. Immergut
KARIN J. IMMERGUT
United States District Judge


Courtroom Deputy: Jacob Yerke

Phone:  (503) 326-8053

Email: jacob_yerke@ord.uscourts.gov

Page 4 - CRIMINAL CASE MANAGEMENT ORDER